UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANITA MARIA MUHAMMAD | CIVIL ACTION |
| VERSUS | NO. 23-1314-JWD-EWD |
| LOUISIANA HOUSING CORPORATION | |

## ORDER GRANTING PARTIAL MOTION TO DISMISS

Before the Court is a partial Motion to Dismiss (R. Doc. 20) filed by Defendant, the Louisiana Housing Corporation (LHC). LHC seeks dismissal of certain claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. In response, Plaintiff, Anita Muhammad (Plaintiff), filed an Opposition (R. Doc. 22). Plaintiff included with her Opposition a proposed amended Complaint. (R. Doc. 22-1).[1] But Plaintiff has neither sought nor been granted the Court's leave to amend.[2] And so, the October 10, 2023 Complaint remains the

---

[1] Plaintiff has already amended her Complaint once on October 10, 2023. (R. Doc. 7) (asserting an additional claim for race discrimination under the Louisiana Employment Discrimination Law). For that reason, she can no longer amend as a matter of course pursuant to Rule 15(a)(1) ("A party may amend its pleading once as a matter of course" within "(A) 21 days of serving it; or (B) 21 days after service of a responsive pleading or . . . motion under Rule 12(b) . . . ."). Instead, Rule 15(a)(2) (requiring opponent's written consent or court's leave to amend) applies to the proposed amendment.

[2] Rule 15(a)(2) of the Federal Rules of Civil Procedure states: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Plaintiff has not obtained LHC's written consent. Therefore, she was required but failed to move the Court for leave to amend. But if Plaintiff had sought leave to amend, that motion would be denied. The proposed amendment, which simply changes the relief sought under the ADEA and LEDL to reinstatement — i.e., prospective relief — is futile. Plaintiff believes the *Ex Parte Young* exception to the 11th Amendment would apply to save her ADEA and LEDL claims if only she were seeking prospective relief. But as the Court explains in the discussion below, *Ex Parte Young* would remain inapplicable.

operative pleading. (R. Doc. 7). Following the Opposition, LHC filed a Reply Memorandum focusing on the proposed amended Complaint. (R. Doc. 24).

As explained below, the 11th Amendment bars Plaintiff's claims against LHC under both the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a), and the Louisiana Employment Discrimination Law (LEDL), La. Rev. Stat. § 23:312(A) (age discrimination) and § 23:332(A) (race discrimination). The Court therefore lacks subject matter jurisdiction over these claims. What's more, the proposed amended Complaint (R. Doc. 22-1) would not cure the jurisdictional defect.

LHC's Motion to Dismiss (R. Doc. 20) will therefore be **GRANTED** and Plaintiff's ADEA and LEDL claims **dismissed without prejudice**. *See Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."). The Court, however, will give Plaintiff **leave** to **amend** her Complaint within **21 days** of this Order to assert a viable claim under the **ADEA**.

I.   BACKGROUND

Plaintiff filed suit in federal district court against her former employer, LHC, an arm of the State of Louisiana.[3] Plaintiff claims that LHC terminated her employment because of her race and age in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5 (race discrimination), the

---

Again, Plaintiff has not sought leave to amend. But the Court must recognize that, in general, "when a plaintiff seeks to amend following a motion to dismiss, the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave." *Louisiana v. Bank of Am. Corp.*, 2020 WL 3966875, at *2 (M.D. La. July 13, 2020). But because the proposed amendment is futile and would not cure the defects cited in the Motion to Dismiss, the Court will not treat the Opposition as a motion for leave to amend or otherwise allow the proposed amendment (R. Doc. 22-1).

[3] The Fifth Circuit has found the Eleventh Amendment bars suit against LHC, which is an arm of the state. *See Rowan Court Subdivision 2013 Ltd. P'ship v. Louisiana Hous. Corp.*, 749 F. App'x 234, 236 (5th Cir. 2018).

Age Discrimination in Employment Act, 29 U.S.C. § 623(a) (age discrimination), and the Louisiana Employment Discrimination Act, La. Rev. Stat. § 23:312(A) (age discrimination) and § 23:332(A) (race discrimination). In response, LHC moved to dismiss (R. Doc. 20) Plaintiff's ADEA and LEDL claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

According to LHC, the "State of Louisiana has not waived its sovereign immunity, nor has Congress waived the State's sovereign immunity for . . . plaintiff's claims of race and age-based discrimination . . . brought pursuant to the [ADEA] and [LEDL]."[4] (R. Doc. 20 at 2). And because LHC is an arm of the State, the Court lacks subject matter jurisdiction over these claims. In opposition, Plaintiff seemingly acknowledges that the Eleventh Amendment bars her claims under both the ADEA and the LEDL. (R. Doc. 22 at 2). Because of this, Plaintiff attaches a proposed amended Complaint "clarify[ing]" the relief sought under these claims—i.e., "equitable relief in the form of prospective reinstatement to her former position." (R. Doc. 22 at 2). According to Plaintiff, "claims for [equitable relief] come under the *Ex parte Young* exception to the Eleventh Amendment sovereign immunity bar." (R. Doc. 22 at 2).

But as explained below, Plaintiff's argument does not hold water. Even if her proposed amendment were allowed, her claims under the ADEA and the LEDL are still barred by the Eleventh Amendment.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Product Liability*

---

[4] The Eleventh Amendment does not bar Plaintiff's Title VII claim, as Congress expressly abrogated sovereign immunity under Title VII. *See Ussery v. State of Louisiana on behalf of La. Dep't of Health and Hosps.*, 150 F.3d 431, 434 (5th Cir. 1998).

*Litigation*, 668 F.3d 281, 286 (5th Cir. 2012). Under Rule 12(b)(1), "a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *Id*. "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). When a court determines that it does not have subject matter jurisdiction over an action, the action is dismissed without prejudice. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

## III. DISCUSSION

The Eleventh Amendment bars citizens of a state from suing their own state or another state in federal court, *see Hans v. Louisiana*, 134 U.S. 1, 11 (1890), unless the state has waived its sovereign immunity or Congress has expressly abrogated it, *see Ysleta del Sur Pueblo v. Texas*, 36 F.3d 1325, 1335 (5th Cir. 1994). As an arm of the state, the 11th Amendment entitles LHC to the same immunity from suit in federal court. *See Rowan Court Subdivision 2013 Ltd. P'ship v. Louisiana Hous. Corp*., 749 F. App'x 234, 236 (5th Cir. 2018) (Eleventh Amendment applies to bar suits against LHC); *Williams v. City of Baton Rouge*, 383 So. 3d 251, 256 (La. App. 1 Cir. 2024) ("the LHC is a public entity").

Louisiana has declined to waive its 11th Amendment immunity from suit in federal court, even for state law claims like those brought under the LEDL. *See* La. Rev. Stat. Ann. § 13:5106(A) (2010) (providing that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court"); *Richardson v. Southern University*, 118 F.3d 450, 453 (5th Cir.1997) ("Louisiana has not waived its sovereign immunity for suits brought in federal court"). And while Congress abrogated state sovereign immunity for discrimination claims under Title VII, *Fields v. Dep't of Pub. Safety*, 911 F. Supp. 2d 373, 383 (M.D. La. 2012)

("Title VII contains the requisite clear statement of congressional intent to abrogate"), it did not do so under the ADEA, *see Kimel v. Florida Board of Regents*, 528 U.S. 62, 91 (2000).

Sovereign immunity is not limitless, however. Under *Ex parte Young*, 209 U.S. 123, 167-68 (1908), "a litigant may sue a state official in his official capacity if the suit seeks prospective relief to redress an ongoing violation of federal law." *Williams On Behalf of J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020); *Rowan Ct. Subdivision 2013 Ltd. Partnership v. Louisiana Housing Corp.*, 749 F. App'x 234, 237 (5th Cir. 2018) ("*Ex parte Young* holds that the Eleventh Amendment permits actions to enjoin state officers, in their official capacities, from violations of federal law."). Put simply, *Ex parte Young* requires three basic elements:

> The suit must: (1) be brought against state officers who are acting in their official capacities; (2) seek prospective relief to redress ongoing conduct; and (3) allege a violation of federal, not state, law.

*Williams On Behalf of J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020).

To avail herself of *Ex parte Young*'s exception, Plaintiff proposes amending the relief sought in her Complaint under both the ADEA and LEDL — from monetary damages to reinstatement. (R. Doc. 22 at 2). For argument's sake, the Court will consider the proposed amendment, despite Plaintiff's failure to seek or obtain the required leave to amend.

The Fifth Circuit has found that a claim for reinstatement to public employment meets the second element of *Ex parte Young*, "as it is a claim for prospective relief designed to end a continuing violation of federal law." *Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 324 (5th Cir. 2008).[5] But this proposed amendment alone cannot carry the day.

---

[5] In *Nelson*, the Fifth Circuit also recognized that its holding inconsistently "treats terminations as ongoing violations of law with respect to *Ex parte Young* but not with respect to employment discrimination limitations issues." *Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 324 (5th Cir. 2008). In a later opinion considering the application of *Ex parte Young*, the court reiterated "the validity of arguments that employment termination is a discrete, not ongoing, act," *Cantu Servs., Inc. v. Roberie*, 535 F. App'x 342, 345 (5th Cir. 2013), but explained that when deciding *Nelson* "it felt bound by [its] decision in *Warnock v. Pecos County*, *Texas*, holding that a request for reinstatement of employment was cognizable under *Ex parte Young*." *Id.* (citing *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir.1996)).

To begin, *Ex parte Young* only applies to suits against state actors in their official capacities. But here, LHC is the only Defendant named in the Complaint. And critically, the same is true of the proposed amended Complaint. (R. Doc. 22-1) (naming LHC as the only defendant). And so, even if Plaintiff were seeking prospective relief under the ADEA and LEDL, "the *Ex parte Young* exception [still] requires [her] to name state officials as defendants in their official capacities. [Plaintiff] sued only [LHC]." *Duncan v. Univ. of Texas Health Sci. Ctr. at Houston*, 469 F. App'x 364, 367 (5th Cir. 2012); *see also Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) ("Although Raj has asserted claims for injunctive and declaratory relief, he cannot overcome sovereign immunity under *Ex parte Young* because he has named only LSU, LSU Health, and the LSU Board as defendants.").

The *Ex parte Young* exception therefore cannot apply to Plaintiff's ADEA and LEDL claims against LHC — an arm of the state. *See Rowan Court*, 749 F. App'x at 237 (Because LHC is an arm of the state, *Ex parte Young* exception did not apply to claims brought against LHC in federal court). And so, Plaintiff's age discrimination and state law claims are "flatly barred by the Eleventh Amendment" and must therefore be dismissed without prejudice. *Id.*; *Murray v. LeBlanc*, 629 F. Supp. 3d 437, 449 (M.D. La. 2022) ("It is clear, of course, that in the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought."); *Hudson v. Louisiana State Bd. of Elementary & Secondary Educ.*, 2023 WL 2771566, at *7 (M.D. La. Mar. 31, 2023) ("[The state's] immunity serves as a bar to recovery of damages and injunctive relief from claims asserted under ADEA.")

As a final matter, the Court notes that even if Plaintiff were seeking prospective relief against only state officials, *Ex parte Young* would still not save her state law claims under the

LEDL.[6] *Ex parte Young*'s exception applies to violations of federal law.[7] And since "state law claims do not implicate federal rights or federal supremacy concerns, the *Young* exception does not apply to state law claims . . . ." *See, e.g., McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011); *Babinski v. Queen*, 2021 WL 4483061, at *3 (M.D. La. Sept. 29, 2021) (For *Ex parte Young* to apply, a plaintiff must "allege a violation of federal, not state, law."). For this additional reason, *Ex parte Young* cannot save Plaintiff's claims under the LEDL. *See Delaphous v. Bullock*, 2023 WL 5839302, at *5 (W.D. La. Aug. 24, 2023) ("Delaphous may not . . . assert an LEDL claim against Defendants . . . or the DCFS directly, because the DCFS is a state agency that has not consented to be sued in federal court."); *McLin v. Twenty-First Judicial Dist.*, 2023 WL 5274403, at *3 n.23 (5th Cir. Aug. 16, 2023) (LEDL discrimination claim is barred by Eleventh Amendment).

---

[6] Plaintiff additionally suggests that this Court, which does have federal question subject matter jurisdiction over her Title VII claim, may exercise supplemental jurisdiction over her state law claims brought under the LEDL. (R. Doc. 7 at ¶ 6 (supplemental jurisdiction over state law claims); (R. Doc. 22 at 3) ("[T]his court has supplemental jurisdiction over Plaintiff's claims under Louisiana Employment Discrimination Law . . . ."). But Plaintiff is incorrect.

In enacting 28 U.S.C. § 1367(a), Congress did not abrogate states' sovereign immunity and this Court may not exercise supplemental jurisdiction over state law claims that are otherwise barred by the 11th Amendment. *See Raygor v. Regents of Univ. of Minnesota*, 534 U.S. 533, 541 (2002) ("we cannot read § 1367(a) to authorize district courts to exercise jurisdiction over claims against nonconsenting States"); *Thomas v. State*, 294 F. Supp. 3d 576, 591 (N.D. Tex. 2018) ("Congress did not abrogate Eleventh Amendment immunity by granting federal courts supplemental jurisdiction over state law claims in 28 U.S.C. § 1367(a).").

[7] The Fifth Circuit has implied that *Ex parte Young* may apply to suits against state officials for prospective relief under the ADEA. *See Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469, 470 n.2 (5th Cir. 2016) (finding the "district court properly dismissed Chhim's ADEA claim [against UT] because the University is a state university," but implying that *Young* may apply to the ADEA where a plaintiff seeks prospective relief against the appropriate state official); *see also Fernandez v. Texas A & M Univ. Sys.*, 2018 WL 2563383, at *2 (S.D. Tex. June 4, 2018) (The Fifth Circuit has rejected "the argument that *Ex parte Young* applies only to constitutional claims. Consequently, any continuing violation of the ADEA, a federal law, triggering prospective relief" may be brought in federal court assuming the remaining requirements of *Young* are met.)

What's more, other circuits have persuasively applied *Ex parte Young* to the ADEA. *See State Police for Automatic Ret. Ass'n v. DiFava*, 317 F.3d 6, 12 (1st Cir. 2003) (Young applies to the ADEA); *Meekison v. Voinovich*, 67 Fed. App'x 900, 901 (6th Cir. 2003) (same); *Thomas v. Washington Metro. Area Transit Auth.*, 305 F. Supp. 3d 77, 88 (D.D.C. 2018) (same); *see also Peirick v. Indiana Univ.–Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695-97 (7th Cir. 2007) (implying *Young* applies to the ADEA); *Duva v. Bd. of Regents of the Univ. Sys. of Georgia*, 654 Fed. App'x 451, 453 (11th Cir. 2016) (same); *Shahin v. Delaware*, 563 Fed. App'x 196, 198 (3d Cir. 2014) (same).

## IV.     CONCLUSION

As explained above, Plaintiff's ADEA and LEDL claims against the Louisiana Housing Corporation are barred by the 11th Amendment and the Court lacks subject matter jurisdiction over these claims. And the 11th Amendment would still bar Plaintiff's ADEA and LEDL claims even if the Court allowed the proposed amended Complaint to be filed. (R. Doc. 22-1) (amending the type of relief sought under the ADEA and LEDL to equitable, prospective relief). Therefore, Defendant's Motion to Dismiss (R. Doc. 20) is **GRANTED** and Plaintiff's ADEA and LEDL claims against the Louisiana Housing Corporation are **DISMISSED without prejudice** pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

While it does not seem any amendment to the Complaint could save Plaintiff's causes of action under the LEDL,[8] the same may not be true for the ADEA. *See Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469, 470 n.2 (5th Cir. 2016) (implying that *Young* may apply to the ADEA where a plaintiff seeks prospective relief against the appropriate state official); *Amsel v. Texas*

---

[8] As previously discussed, Plaintiff's LEDL claims are barred by the 11th Amendment. And none of the three exceptions to 11th Amendment immunity apply to Plaintiff's state law claims. *See Fields v. Dep't of Pub. Safety*, 911 F. Supp. 2d 373, 378 (M.D. La. 2012) (There are 3 exceptions to 11th Amendment immunity: "(1) a State may waive its Eleventh Amendment immunity by consenting to suit in federal court; (2) Congress may abrogate the States' sovereign immunity by acting pursuant to a grant of constitutional authority; and (3) the Ex Parte Young doctrine may apply.").

First, the State of Louisiana has not consented to suit in federal court. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) ("Louisiana has expressly declined to waive its immunity under the Eleventh Amendment."); La. Rev. Stat. § 13:5106(A) ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court.").

"Second, it is self-evident that Congress did not abrogate the states' immunity from state law claims." *Jones v. Bd. of Supervisors of Univ. of Louisiana Sys.*, 2023 WL 5487358, at *2 (W.D. La. Aug. 8, 2023); *see also, cf. Gruver v. Louisiana Bd. of Supervisors for LSU A&M*, 959 F.3d 178, 181 (5th Cir. 2020) ("[The United States] Congress can also unilaterally abrogate a state's Eleventh Amendment immunity by enacting [federal] legislation under Section Five of the Fourteenth Amendment.").

Third, the *Ex parte Young* exception does not apply to state law claims. *See Williams On Behalf of J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020) (for *Ex parte Young* to apply, a plaintiff must "allege a violation of federal, not state, law").

*Water Dev. Bd.*, 2009 WL 10699100, at *5 (W.D. Tex. Sept. 3, 2009) ("Plaintiff's claim against [the state agency] under the ADEA should be dismissed. However . . . permitting [plaintiff] to assert a claim under the ADEA against [a state official] in [their] official capacity for reinstatement would not be futile. He should, therefore, be permitted leave to amend his complaint to assert such a claim."). And given the procedural posture of this litigation,[9] the Court will allow Plaintiff a final opportunity to assert a viable cause of action under the ADEA.[10] Therefore,

**IT IS ORDERED** that Plaintiff be permitted **leave** to file an **amended Complaint** within **21 days** of this Order to assert a viable cause of action under the ADEA. To be clear, the Court's grant of **leave** is **limited** in **time** (within 21 days) and **scope** (only those amendments necessary to assert a viable claim under the ADEA).

Any amendment filed beyond the 21-day deadline or addressing claims other than those brought under the ADEA must comply with Rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(2) (amendment may only be filed after obtaining opponent's written consent or leave of court).

Signed in Baton Rouge, Louisiana, on <u>July 26, 2024</u>.

                        **JUDGE JOHN W. deGRAVELLES**
                        **UNITED STATES DISTRICT COURT**
                        **MIDDLE DISTRICT OF LOUISIANA**

---

[9] The Court has deferred entry of a Scheduling Order pending resolution of this Motion to Dismiss. (R. Doc. 26).

[10] *See Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469, 470 n.2 (5th Cir. 2016) (implying that *Young* may apply to the ADEA where a plaintiff seeks prospective relief against the appropriate state official); *see also Fernandez v. Texas A & M Univ. Sys.*, 2018 WL 2563383, at *2 (S.D. Tex. June 4, 2018) (The Fifth Circuit has rejected "the argument that *Ex parte Young* applies only to constitutional claims. Consequently, any continuing violation of the ADEA, a federal law, triggering prospective relief" may be brought in federal court assuming the remaining requirements of *Young* are met.); *see also City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) (For the *Ex parte Young* "exception to apply, the state official, by virtue of his office, must have some connection with the enforcement of the challenged act, or else the suit is merely making him a party as a representative of the state, and thereby attempting to make the state a party."); *King v. Sharp*, 2023 WL 4303637, at *6 (E.D. Tex. June 30, 2023) ("[T]he correct view of *Youngi's* connection requirement in this context is whether the named public official—by virtue of his office—handles employment decisions at the respective state agency and can provide the reinstatement that is requested.").